# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00284-CR

### Salvador Lara Reyes, Jr., Appellant

### v.

### The State of Texas, Appellee

### FROM THE DISTRICT COURT OF RUNNELS, 119TH JUDICIAL DISTRICT
### NO. 6124, HONORABLE BEN WOODWARD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

After Salvador Lara Reyes, Jr. pled guilty to the first-degree felony offense of aggravated sexual assault of a child, the jury assessed punishment at forty years in prison. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii) (West Supp. 2012).[1]

Reyes's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Reyes was sent

---

[1] Because recent amendments to the penal code did not change the substance of the statute relevant to this appeal, we cite to its current version.

a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744. No pro se brief has been filed and no extension of time was requested.

We have reviewed the record and find no reversible error. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous. Counsel's motion to withdraw is granted.

However, we conclude that the judgment of conviction contains a clerical error, listing the statute for offense as "22.011(A) (4) (B)." This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *see also McDonald v. State*, No. 03-11-00540-CR, 2012 Tex. App. LEXIS 2592, at *2-3 (Tex. App.—Austin Mar. 30, 2012, no pet.) (mem. op., not designated for publication) (modifying judgment to correct citation). Accordingly, we modify the judgment to reflect the proper citation to the statute for the first-degree felony offense of aggravated sexual assault of a child, which is "Texas Penal Code § 22.021(a)(1)(B)(ii)." As modified, the judgment of conviction is affirmed.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed: October 31, 2012

Do Not Publish

2